UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS G. T., Petitioner, v. CHESTNUT, Respondent. | Case No. 1:26-cv-05359-JLT-FJS (HC) (A-Number: 095-048-813) FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (ECF No. 1) FOURTEEN (14) DAY DEADLINE |

Plaintiff Juan Carlos G. T.[1] ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention.

I. FACTUAL SUMMARY

Petitioner is a native and citizen of El Salvador currently in immigration detention. (ECF No. 6-1 at 1.) On November 3, 2005, an immigration judge ordered Petitioner removed to El Salvador. (*Id.* at 3.) Petitioner was granted a withholding of removal to El Salvador under both the Immigration and Nationality Act ("INA") and the Convention Against Torture on August 13,

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

2021. (ECF No. 1 at 9.) Petitioner was released on an order of supervision on September 24, 2021. (ECF No. 6-1 at 4.) On May 20, 2026, the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), revoked Petitioner's release on supervision due to violating conditions of release, specifically because he was identified as a member of a transnational criminal organization. (*Id.* at 2; ECF No. 6-2 at 1.) Petitioner was provided notice for the revocation and an informal interview, during which Petitioner did not provide an oral or written response. (ECF No. 6-2 at 5.) Petitioner has been in continuous ICE custody since his May 20, 2026, detention. (*See* ECF No. 6-1 at 5.) ERO is seeking third country removal. (*Id.*)

Petitioner filed the instant petition on July 13, 2026, while detained at the California City Immigration Processing Center. (ECF No. 1.) Respondent filed a response to the petition on August 5, 2026. (ECF No. 6.) Petitioner did not file a response to Respondent's response to the petition.

## II. JURISDICITON

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Under 8 U.S.C. § 1231(a)(6), "[a]n alien ordered removed who is inadmissible under section 1182 of this title, removable under section . . . 1227(a)(2) . . . of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* and, *if released, shall be subject to . . . terms of supervision*." 8 U.S.C. § 1231(a)(6) (emphasis added); 8 U.S.C. § 1227(a)(2)

(providing that a noncitizen convicted of certain crimes, such as aggravated felonies, is deportable). When a noncitizen subject to a final order of removal is not removed within the initial ninety-day removal period, and the government releases the noncitizen on supervision, the regulations codified at 8 C.F.R. §§ 241.4, 241.13 govern the parameters for re-detention. *See Hernandez-Castro v. Lyons*, No. 1:25-cv-01574-JLT-SAB, 2025 WL 3771344, at *4–5 (E.D. Cal. Dec. 31, 2025) (citing *Diaz v. Wofford*, No. 1:25-cv-01079 JLT EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025); 8 U.S.C. § 1231(a)(3).

In response to the petition, Respondent contends that Petitioner's release on supervision was revoked in accordance with 8 C.F.R. § 241.13(i) because he was informed of the reasons (being identified as a member of a transnational criminal organization) and provided an opportunity to be heard in a prompt informal interview. (ECF No. 6 at 2.) The court agrees.

First, DHS complied with applicable regulations in revoking Petitioner's order of supervision ("OSUP"). The applicable revocation procedures provide that: "Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation state din the notification." 8 C.F.R. § 241.13(i)(3); *see also* 8 C.F.R. § 241.4(l)(1) ("Upon revocation, the alien will be notified of the reasons for revocation . . . [and] will be afforded an initial interview promptly after his or her return to Service custody.") Here, DHS issued a Notice of Revocation of Release clearly indicating that Petitioner was "identified as a member of a Trans-National Criminal Organization." (ECF No. 6-2 at 1.) DHS then provided Petitioner with a prompt informal interview where he had the opportunity to respond. (*Id.* at 5.) The court therefore finds no due process violation on these grounds. *Cf. Hernandez-Castro v. Lyons*, 1:25-cv-01574-JLT-SAB, 2025 WL 3771344, at *7 (E.D. Cal. Dec. 31, 2025) (finding a due process violation where the government failed to provide petitioner with a prompt interview under applicable regulations).

In addition, the court agrees with Respondent's assertion that Petitioner is otherwise lawfully detained pursuant to a final removal order because his detention began after the ninety-

day removal period but he has been detained for less than the six-month presumptively reasonable period of detention. (ECF No. 6 at 3.)

*Zadvydas v. Davis*, 533 U.S. 678 (2001), governs here. *Zadvydas* held that the INA's post-removal-period detention statute does not permit indefinite detention but "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Supreme Court set a "presumptively reasonable period of detention" of six months. *Id.* at 701. In so holding, *Zadvydas* explained:

> This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* After six months and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* But where aliens seek release prior to the expiration of the presumptive six-month period, their claims are "insufficient to overcome the presumption of reasonableness of [that] period," although they may re-file and seek review if their detention continues beyond the time period *Zadvydas* deems reasonable. *Nelson v. U.S. Immigration & Customs Enforcement*, No. 1:26-cv-04521-JLT-EGC, 2026 WL 2086016, at *2 (E.D. Cal. July 20, 2026), *report and recommendation adopted by* 2026 WL 2351698 (E.D. Cal. Aug. 12, 2026). *Accord Ishtiaq v. Sessions*, No. 1:18-cv-01090-JLT, 2018 WL 4182604, at *1 (E.D. Cal. Aug. 30, 2018).

In this case, Petitioner has remained in the custody of ICE since June 20, 2026. Petitioner's current detention is still within the six-month "presumptively reasonable period of detention." *Id.* Petitioner also does not allege that there is no "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner's assertion that courts authorize detention only where it is significantly likely that removal will occur in the reasonable future, (ECF No. 1 at 6, Ground 3 (citing *Plyer v. Doe*, 457 U.S. 202, 210 (1982))), oversimplifies the law to the point of misstating it. Should Petitioner's detention continue past the six-month presumptive period, he may re-file the instant federal action and obtain review. At that time,

however, Petitioner must provide “good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.” *Zadvydas*, 533 U.S. at 701.

## IV. ORDER AND RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus, (ECF No. 1), be dismissed, without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations.” Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court’s judgment.

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE